UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. BLAND,<br><br>     Plaintiff,<br>v.<br><br>CALIFORNIA COAST CREDIT UNION;<br>formerly First Future Credit Union and all<br>consortium members and affiliates also<br>including Solomon, Grindle and Winetringer,<br><br>     Defendants. | Civil No.11cv0892 AJB (POR)<br><br>ORDER DENYING APPOINTMENT OF COUNSEL<br><br>(Doc. No. 3) |

  On April 26, 2011, Michael E. Bland , a non-prisoner proceeding *pro se*, filed a Request For Appointment of Counsel Under the Civil Rights Acts of 1964, 42 U.S.C. 2000(e)(5)(f)(1) [Doc. No. 3] of case number 3:11-cv-00892-AJB-POR to this Court. Plaintiff submitted a declaration in support of a motion to appoint counsel to the Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).

  The Court finds that the Plaintiff's declaration requesting the appointment of counsel is insufficient to appoint the Plaintiff counsel in this civil proceeding. There is no constitutional right to be represented by counsel in a civil proceeding. *See U.S. v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Although 28 U.S.C. § 1915(e)(1) confers the Court with discretion to request counsel to represent an indigent civil litigant, the Courts have limited such discretion to exceptional circumstances. *Aldable v. Aldable*, 616 F.2d 1089, 1093 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of

the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Requests for appointment of counsel are only rarely granted and only when exceptional circumstances exist. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). Petitoner has demonstrated the ability to articulate his claims pro se in light of the complexity of the legal issues involved.

The Plaintiff's motion to appoint counsel fails to meet the exceptional circumstances standard for the following reasons:

- Plaintiff's spouse earns an income of $2500.00 per month.
- Plaintiff's debts and monthly bills are listed as only being rent at $1000.00 per month.
- Plaintiff owns property valued at $5250.00.
- Plaintiff has made minimal effort to find counsel to represent the claim.

It is under the Court's discretion to grant or deny a motion to appoint counsel based on the Plaintiff's claim.  28 U.S.C. § 1915(e)(1). In light of this information, IT IS HEREBY ORDERED that the Plaintiff's Motion to Appoint Counsel is **DENIED**.  **IF PLAINTIFF CHOOSES TO FILE ADDITIONAL INFORMATION REGARDING HIS POVERTY, HE MUST ATTACH A COPY OF THIS ORDER.**

**IT IS SO ORDERED.**

DATED:  September 29, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge