UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. BLAND,<br><br>                    Plaintiff,<br>v.<br><br>CALIFORNIA COAST CREDIT UNION;<br>formerly First Future Credit Union and all<br>consortium members and affiliates also<br>including Solomon, Grindle and Winetringer,<br><br>                    Defendants. | Civil No.11cv0892 AJB (POR)<br><br>ORDER DENYING IN FORMA<br>PAUPERIS STATUS<br><br>(Doc. No. 2) |

On April 26, 2011, Michael E. Bland , a non-prisoner proceeding *pro se*, filed a Motion to Proceed *in forma pauperis* [Doc. No. 2] of case number 3:11-cv-00892-AJB-POR to this Court. Plaintiff submitted a declaration in support of a request to proceed *in forma pauperis* in accordance with 28 U.S.C. § 1915(a)(1) and Local Rule 3.2(a).

The Court finds that the Plaintiff's declaration of inability to pay costs or give security is insufficient to permit Plaintiff to proceed *in forma pauperis*. Permission to file a petition for writ of mandamus *in forma pauperis* will not be granted unless there is some merit in the petition. 28 U.S.C.A. § 1915. "To proceed *in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.1965). One need not be absolutely destitute to obtain benefits of statute dealing with proceedings *in forma pauperis* in federal courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948). The motion, however, must state facts as to affiant's poverty with some particularity, definiteness and certainty. *Jefferson v. U.S.*, 277 F. 2d 723 (9th Cir. 1960).

The Plaintiff's motion to proceed *in forma pauperis* lacks merit because:

- Plaintiff has noted receiving income from self-employment but has failed to describe the amount received.
- Plaintiff notes supporting spouse with $1,500 "for rent and food," but does not indicate the source of such funding.
- Plaintiff's debts of "IRS, taxes currently being filed" lack particularity, definiteness and certainty.
- Plaintiff has failed to note any housing, transportation, utilities, or loan payments, or other regular monthly expenses.

It is under the Court's discretion to grant or deny permission to proceed *in forma pauperis* based on the Plaintiff's claim. 28 U.S.C. § 1915(e)(2). Without further evidence, the Court lacks specific facts to find that the Plaintiff is not able to pay the filing fee under 28 U.S.C. § 1914(a). It is advised that the Plaintiff submit a current revision of the short form "Application To Proceed In District Court Without Prepaying Fees or Costs" available on the United States Courts website.[1]

In light of this information, IT IS HEREBY ORDERED that the Plaintiff's Motion to Proceed *in forma pauperis* is **DENIED** and the Complaint is **DISMISSED** without prejudice. Pursuant to this Order, however, Plaintiff is granted 30 days leave to pay the $350 filing fee required to maintain this action pursuant to 28 U.S.C. § 1914, or to submit additional documentation regarding the Plaintiff's economic status. **IF PLAINTIFF CHOOSES TO FILE ADDITIONAL INFORMATION REGARDING HIS POVERTY, HE MUST ATTACH A COPY OF THIS ORDER.**

**IT IS SO ORDERED.**

DATED: September 29, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge

---

[1] http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO240.pdf